UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
GRACIELA DONCOUSE, on behalf of herself,
and all others similarly situated,

         Plaintiff,

    -against-

NEW YORK HEALTH & RACQUET CLUB
FOUNDATION, INC. AND  NEW YORK HEALTH
CLUB, INC.

         Defendants.

-------------------------------------X

**COMPLAINT**

*Civil Action No.*

1:19-cv-4227

     Plaintiff, GRACIELA DONCOUSE (hereinafter the "Plaintiff"), on behalf of herself as well as all others similarly situated, by and through her counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues NEW YORK HEALTH & RACQUET CLUB FOUNDATION, INC., and NEW YORK HEALTH CLUB, INC. ("Defendant", "Defendants", and/or "NYHRC"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq. and 42 U.S.C. 12101, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and their implementing regulations, in connection with accessibility barriers at various properties owned and managed by Defendant and alleges:

<u>**INTRODUCTION**</u>

1. This is an action seeking to redress violations of state and federal laws at the Defendant's NYHRC locations throughout the state of New York and nationwide, which includes those properties owned and operated by Defendant in this District.

2.  NYHRC is a family-owned and managed fitness company  that was founded in 1973. NYHRC. The NYHRC chain has at least nine fitness clubs throughout New York City.

3.  As set forth more fully below, Plaintiff, as well as a class consisting of hundreds of thousands of similarly situated disabled individuals, are functionally excluded from some or all of the goods, services, and amenities offered to the general public at each of the Defendant's locations nationwide and in this District.

4.  By this litigation, Plaintiff, on behalf of herself and the class defined more fully below, seek to bring all of Defendant's NYHRC locations into compliance with applicable state and federal law, and to recover applicable damages owed to each member of the class, in accordance with the applicable laws.

## JURISDICTION AND PARTIES

5.  This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

6.  Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(1) and (2) Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District and several of the store locations are in this District.

## PARTIES

7.  Plaintiff, at all relevant times, is a resident of New York City.

8.  Plaintiff has attempted to patronize Defendant's facility in New York in the past, and in April 2019, and intends to continue to patronize Defendant's facilities. However, unless Defendant is required to remove the access barriers described below, Plaintiff will continue to be denied full access to Defendant's facilities, its pools. and will be deterred from fully using Defendant's facilities.

9.  Plaintiff attempted to use the gym located at 60 West 23rd St, New York, NY 10010, but was denied full and equal access as detailed below.

10. Graciela Doncouse has at all relevant times suffered from a "qualified disability" under the ADA, because she is a paraplegic and use a wheelchair for mobility.

11. Defendant, NEW YORK HEALTH & RACQUET CLUB FOUNDATION, INC., is a domestic not-for-profit corporation authorized to conduct and conduction business within the State of New York, and is the owner and operator of all New York Health & Racquet Clubs, including the following locations (collectively referred to hereinafter as the "NYHRC Locations"): 1) 60 W 23rd Street New York, NY 10010; 2) 24 East 13th Street New York, NY 10003; 3) 270 Park Ave S New York, NY 10010; 4) 132 E 45th Street New York, NY 10017; 5) 20 E 50th Street New York, NY 10022; 6) 110 W 56th Street New York, NY 10019; 7) 1433 York Avenue New York, NY 10075; 8) 62 Cooper Sq New York, NY 10003; 9) 39 Whitehall Street New York, NY 10004.

12. Defendant, NEW YORK HEALTH CLUB, INC., is a domestics business corporation authorized to conduct and conduction business within the State of New York, with its principal corporate office located at 18 East 50th St, 4th Floor, New York, NY 10022, and is the owner and operator of all New York Health & Racquet Clubs, including the following locations (collectively referred to hereinafter as the "NYHRC Locations"): 1)

60 W 23rd Street New York, NY 10010; 2) 24 East 13th Street New York, NY 10003; 3) 270 Park Ave S New York, NY 10010; 4) 132 E 45th Street New York, NY 10017; 5) 20 E 50th Street New York, NY 10022; 6) 110 W 56th Street New York, NY 10019; 7) 1433 York Avenue New York, NY 10075; 8) 62 Cooper Sq New York, NY 10003; 9) 39 Whitehall Street New York, NY 10004.

13. Defendant, in whole or in part, owns, operates, controls and/or leases the NYHRC, which are places of public accommodations.

14. Defendant's facilities are not fully accessible to, and independently usable by individuals who use wheelchairs.

15. While Defendant has centralized management policies regarding the design, construction and maintenance of its facilities, those policies are inadequate, and Defendant's facilities continue to be inaccessible to, and not independently usable by individuals who use wheelchairs.

16. Defendants are engaging in a pattern and practice of its continuous discrimination by establishing, operating, and maintaining inaccessible commercial premises to individuals who use wheelchairs.

17.  By this litigation, Plaintiff, on behalf of herself and the class defined more fully below, seek to cease defendants pattern and practice of its continuous discrimination by establishing, operating, and maintaining inaccessible commercial premises by bringing all of Defendants' locations in this District into compliance with applicable state and federal law, and to recover applicable damages, including punitive damages, owed to each member of the class, in accordance with New York law.

## **CLASS ALLEGATIONS**

18. Plaintiff brings this class action on his own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

> All disabled individuals who, because of disability, have been
> Excluded from some or all of the amenities available to the general
> public at any of the NYHRC Locations.

19. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendant corporations.

20. The members of the Class are so numerous that joinder of all Class members is not practical. The size of the class will be determined through discovery.

21. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, has suffered civil rights violations as a result of Defendant's continuing failure to comply with the ADA and ADAAG at all of the NYHRC Locations.

22. Plaintiff can and will adequately protect the interests of all members of the Class and has retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interests that are contrary to the interest of the Class members in this case.

23. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as statutory damages under New York law.

24. Common questions of law and fact prevail with respect to all members of the Class, and predominate over questions applicably solely to individual Class members. Among such common questions of law and fact is whether Defendant has violated Federal and New York State statutory obligations by failing to comply with the ADA and ADAAG, so that

all physically disabled persons are afforded fair and equal access to each of the NYHRC Locations.

25. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

26. The names and addresses of disabled individuals who are being excluded from full and equal access to the NYHRC Locations is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in this class action litigation, and can additionally be advertised in the New York City area by television, internet, radio, and other means of transmission that are likely to reach members of the Class.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

27. Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

28. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

29. Defendant's physical locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

30. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods,

services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. §

12182(b)(1)(A)(i).

31. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny

individuals with disabilities an opportunity to participate in or benefit from the goods,

services, facilities, privileges, advantages, or accommodation, which is equal to the

opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

32. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes,

among other things:

 [A] failure to make reasonable modifications in policies, practices, or procedures, when
such modifications are necessary to afford such goods, services, facilities, privileges,
advantages, or accommodations to individuals with disabilities, unless the entity can
demonstrate that making such modifications would fundamentally alter the nature of such
goods, services, facilities, privileges, advantages or accommodations; and a failure to
take such steps as may be necessary to ensure that no individual with a disability is
excluded, denied services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services, unless the entity can
demonstrate that taking such steps would fundamentally alter the nature of the good,
services, facility, privilege, advantage, or accommodation being offered or would result
in an undue burden.

33. The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36

CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New

Construction and Alterations portion of Title III (all hereinafter referred to as the "2010

Standards" or "Accessibility Standards") dictate that property owners and operators of

commercial premises being used as "commercial establishments" are responsible for

complying with these Federal Accessibility Standards.

34. Defendant has discriminated, and continues to discriminate, against the Plaintiff, and

others that are similarly situated, by denying full and equal access to and full and equal

enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at the NYHRC Locations, in violation of these Accessibility Standards.

35. The NYHRC Locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

   **a. 60 W 23rd Street New York, NY 10010:**

   i.   Failure to provide an accessible pool in violation of ADAAG § 36.30. No pool lift.

   ii.  Failure to provide an accessible entrance at patio level door by the pool, due to the large step at the entrance, and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide accessible and properly designated entrance.

   iii. Failure to provide an accessible restroom and locker rooms.

   iv.  Failure to provide an accessible shower stall due to the required step into the stalls.

   v.   Failure to provide an accessible water closet in restroom in violation of ADAAG 604.

   vi.  Failure to provide compliant grab bars in the restrooms in violation of ADAAG 604.

   vii. Failure to provide compliant insulation of pipes in the restroom in violation of ADAAG 606

   viii. Failure to provide accessible amenities throughout the premises, including towel hooks, as mounted exceed maximum height allowance.

   ix.  Failure to provide accessible service counter at the entrance.

  x. Failure to provide signage addressing people with disabilities informing them that accessible services are provided.

  xi. Required directional and information signage not provided in violation of ADAAG 216.

  xii. Failure to institute or adhere to policies and procedures regarding compliance with the ADA and applicable codes, and regulations.

**b. 24 East 13th Street New York, NY 10003:**

  i. Failure to provide an accessible pool in violation of ADAAG § 36.30. No pool lift.

  ii. Failure to provide an accessible entrance to access the pool area at the lower level

  iii. Failure to provide accessible entrance to all levels of the health club, such as lower level (pool, restrooms, locker rooms, sauna, steam room, showers), 2nd floor, 3rd floor, and/or fourth floor.

  iv. Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

  v. Failure to provide an accessible entrance restroom and locker rooms at the lower level.

  vi. Failure to provide an accessible shower stall due to the required step into the stalls.

  vii. Failure to provide accessible door handles throughout the premises.

  viii. Failure to provide an accessible water closet in restroom in violation of ADAAG 604.

ix.    Failure to provide compliant grab bars in the restrooms in violation of ADAAG 604.

x.    Failure to provide compliant insulation of pipes in the restroom in violation of ADAAG 606

xi.    Failure to provide accessible amenities throughout the premises, including water fountains, towel hooks, paper dispensers as mounted exceed maximum height allowance.

xii.    Failure to provide accessible service counter at the entrance.

xiii.    Failure to provide and maintain accessible aisles throughout the premises of at least 36" in clearance.

xiv.    Failure to provide signage addressing people with disabilities informing them that accessible services are provided.

xv.    Required directional and information signage not provided in violation of ADAAG 216.

xvi.    Failure to institute or adhere to policies and procedures regarding compliance with the ADA and applicable codes, and regulations.

c. **270 Park Ave S New York, NY 10010:**

i.    Failure to provide an accessible pool in violation of ADAAG § 36.30. No pool lift.

ii.    Failure to provide accessible entrance to all levels of the health club, including on the second floor access to the raised private level that can be accessed only by a large staircase.

    iii.    Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

    iv.    Failure to provide accessible door handles throughout the premises, including restroom locks which are inaccessible.

    v.    Failure to provide compliant insulation of pipes in the restroom in violation of ADAAG 606

    vi.    Failure to provide an accessible water closet in restroom in violation of ADAAG 604.

    vii.    Failure to provide accessible amenities throughout the premises, including water fountains, towel hooks, paper dispensers as mounted exceed maximum height allowance.

    viii.    Failure to provide accessible service counter at the entrance, which has a lowered potion, but for displays, not customer use.

    ix.    Failure to provide signage addressing people with disabilities informing them that accessible services are provided.

    x.    Required directional and information signage not provided in violation of ADAAG 216.

    xi.    Failure to institute or adhere to policies and procedures regarding compliance with the ADA and applicable codes, and regulations.

**d. 132 E 45th Street New York, NY 10017:**

    i.    Failure to provide an accessible entrance into the premises, due to the flight of steps at the entrance.

ii.   Failure to provide an accessible pool in violation of ADAAG § 36.30. No pool lift.

iii.  Failure to provide an accessible entrance to access the pool area at the lower level

iv.   Failure to provide accessible entrance to all levels of the health club, including, without limitation, to the lower level containing the pool, lockers rooms, etc., and to the upper floors – with access through a stair case only.

v.    Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

vi.   Failure to provide an accessible entrance restroom and locker rooms at the lower level.

vii.  Failure to provide an accessible shower stall due to the required step into the stalls.

viii. Failure to provide accessible door handles throughout the premises.

ix.   Failure to provide an accessible water closet in restroom in violation of ADAAG 604.

x.    Failure to provide compliant grab bars in the restrooms in violation of ADAAG 604.

xi.   Failure to provide compliant insulation of pipes in the restroom in violation of ADAAG 606

xii.    Failure to provide accessible amenities throughout the premises, including water fountains, towel hooks, paper dispensers as mounted exceed maximum height allowance.

xiii.    Failure to provide accessible service counter at the entrance.

xiv.    Failure to provide and maintain accessible aisles throughout the premises of at least 36" in clearance.

xv.    Failure to provide signage addressing people with disabilities informing them that accessible services are provided.

xvi.    Required directional and information signage not provided in violation of ADAAG 216.

xvii.    Failure to institute or adhere to policies and procedures regarding compliance with the ADA and applicable codes, and regulations.

**e. 20 E 50th Street New York, NY 10022:**

i.    Failure to provide an accessible pool in violation of ADAAG § 36.30. No pool lift.

ii.    Failure to provide an accessible entrance to access the pool area at the lower level

iii.    Failure to provide accessible entrance to all levels of the health club, such as lower level (pool, restrooms, locker rooms, sauna, steam room, showers), 2nd floor, 3rd floor, and/or 4th floor.  There is an elevator from the 4th floor that leads to another property (neighbor lobby), without access to the health club. No signage directing persons back to the health club either. No elevator access to other floors.

iv.     Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

v.      Failure to provide an accessible entrance restroom and locker rooms at the lower level.

vi.     Failure to provide compliant door frames form the lower level locker room into the pool area.

vii.    Failure to provide an accessible shower stall due to the required step into the stalls.

viii.   Failure to provide accessible door handles throughout the premises.

ix.     Failure to provide an accessible water closet in restroom in violation of ADAAG 604.

x.      Failure to provide compliant grab bars in the restrooms in violation of ADAAG 604.

xi.     Failure to provide compliant insulation of pipes in the restroom in violation of ADAAG 606

xii.    Failure to provide accessible amenities throughout the premises, including water fountains, towel hooks, paper dispensers as mounted exceed maximum height allowance.

xiii.   Failure to provide access to the 4th floor restroom due to inaccessible door handle, step exceeding one inch, and lacks sufficient turning space inside.

xiv.    Failure to provide accessible service counter at the entrance.

xv.    Failure to provide and maintain accessible aisles throughout the premises of at least 36" in clearance.

xvi.    Failure to provide access to the entrance into the workout class rooms and spin room on 3rd floor to the step exceeding one inch into the rooms.

xvii.    Failure to provide signage addressing people with disabilities informing them that accessible services are provided.

xviii.    Required directional and information signage not provided in violation of ADAAG 216.

xix.    Failure to institute or adhere to policies and procedures regarding compliance with the ADA and applicable codes, and regulations.

**f.    110 W 56th Street New York, NY 10019:**

i.    Failure to provide signage appraising individuals of the pool lift.

ii.    Failure to provide accessible entrance to all levels of the health club, such as 6th floor, but there is elevator access to all other floors.

iii.    Failure to provide access to the basketball court, and Pilates room on 6th floor due to the steps at the entrance exceeding 1 inch in height, and no access to the 6th floor due to the flight of steps.

iv.    Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206, including to raised area on 3rd floor.

v.    Failure to provide sufficient turning space in the restroom stalls.

vi.    Failure to provide an accessible shower stall due to the required step into the stalls.

vii.    Failure to provide accessible door handles throughout the premises.

viii.   Failure to provide an accessible water closet in restroom in violation of ADAAG 604.

ix.   Failure to provide accessible amenities throughout the premises, towel hooks as mounted exceed maximum height allowance.

x.   Failure to provide accessible service counter at the entrance.

xi.   Failure to provide signage addressing people with disabilities informing them that accessible services are provided.

xii.   Required directional and information signage not provided in violation of ADAAG 216.

xiii.   Failure to institute or adhere to policies and procedures regarding compliance with the ADA and applicable codes, and regulations.

**g. <u>1433 York Avenue New York, NY 10075:</u>**

i.   Failure to provide an accessible entrance into the premises, due to the 4 steps at the entrance creating an insurmountable barrier.

ii.   Failure to provide an accessible pool in violation of ADAAG § 36.30. No pool lift. Failure to provide an accessible entrance to access the pool area at the lower level.

iii.   Failure to provide accessible entrance to all levels of the health club, such as lower level containing the pool, locker rooms, and to the upper floors, including raised workout rooms at both entrances  and spin room – with access through a stair case only.

iv.   Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

    v.    Failure to provide an accessible shower stall due to the required step into the stalls.

    vi.    Failure to provide an accessible water closet in restroom in violation of ADAAG 604.

    vii.    Failure to provide compliant grab bars in the restrooms in violation of ADAAG 604.

    viii.    Failure to provide compliant insulation of pipes in the restroom in violation of ADAAG 606

    ix.    Failure to provide accessible amenities throughout the premises, including water fountains, towel hooks, paper dispensers as mounted exceed maximum height allowance.

    x.    Failure to provide accessible service counter at the entrance.

    xi.    Failure to provide and maintain accessible aisles throughout the premises of at least 36" in clearance.

    xii.    Required directional and information signage not provided in violation of ADAAG 216.

    xiii.    Failure to institute or adhere to policies and procedures regarding compliance with the ADA and applicable codes, and regulations.

**h. 62 Cooper Sq New York, NY 10003:**

    i.    Failure to provide accessible entrance to all levels of the health club, such as lower level and second floor.

    ii.    Failure to provide an accessible to the whirlpool pool on lower level in violation of ADAAG § 36.30. No pool lift.

iii.   Failure to provide access to the workout classroom due to the step at the entrance exceeding 1 inch in height.

iv.   Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

v.   Failure to provide an accessible water closet in restroom in violation of ADAAG 604.

vi.   Failure to provide compliant insulation of pipes in the restroom in violation of ADAAG 606

vii.   Failure to provide accessible service counter at the entrance.

viii.   Failure to provide signage addressing people with disabilities informing them that accessible services are provided.

ix.   Required directional and information signage not provided in violation of ADAAG 216.

x.   Failure to institute or adhere to policies and procedures regarding compliance with the ADA and applicable codes, and regulations.

**i.  39 Whitehall Street New York, NY 10004:**

i.   Failure to provide an accessible entrance to access the pool area at the lower level, however there is a There is a pool lift, but no signage.

ii.   Failure to provide accessible entrance to all levels of the health club, such as lower level (pool, restrooms, locker room , showers), 2nd floor, 3rd floor, and/or 4th floor. No elevator access to other floors.

iii.   Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

iv.    Failure to provide an accessible entrance restroom and locker rooms at the lower level.

v.    Failure to provide an accessible water closet in restroom in violation of ADAAG 604.

vi.    Failure to provide accessible service counter at the entrance.

vii.    Failure to provide and maintain accessible aisles throughout the premises of at least 36" in clearance.

viii.    Failure to provide access to the entrance into the basketball court due to the step exceeding one inch into the rooms.

ix.    Failure to provide signage addressing people with disabilities informing them that accessible services are provided.

x.    Required directional and information signage not provided in violation of ADAAG 216.

xi.    Failure to institute or adhere to policies and procedures regarding compliance with the ADA and applicable codes, and regulations.

36. This is not intended as a complete list of ADA and ADAAG violations at the NYHRC Locations. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspections made of each location pursuant to Fed. R. Civ. 34.

37. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

38. NYHRC has engaged in remediation's of its NYHRC Locations since 1990, costs which are not less than millions of dollars.

39. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

40. Plaintiff and the Class intend to visit NYHRC Locations in the future (upon Defendant's compliance with an Order of this Court requiring Defendant to remedy the ADA violations at issue) in order to utilize all of the goods, services facilities, privileges, advantages and/or accommodations offered at the NYHRC Locations; however, in light of their disabilities, unless and until the NYHRC Locations are brought into full compliance with the ADA and its implementing regulations, Plaintiff and the Class will remain unable to fully, properly, and safely access the NYHRC Locations and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

41. Pursuant to ADA, 42 U.S.C. §1201 <u>et. Seq.</u> and the Accessibility Standards, the Defendant was required to make the Premises, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

42. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Subject Facilities until the requisite modifications are completed.

## <u>COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW</u>

43. Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

44. The New York City Human Rights Law provides:

a. It shall be an unlawful discriminatory practice for any person, being the owner,

lessee, proprietor, manager, superintendent, agent or employee of any place or

provider of public accommodation because of the actual or

perceived…disability…of any person, directly or indirectly, to refuse, withhold

from or deny to such person any of the accommodations, advantages, facilities or

privileges thereof…to the effect that any of the accommodations, advantages,

facilities and or denied to any person on account of…disability…

NYC Admin. Code §8-107(4)(a).

45.      Defendant is in violation of the New York City Human Rights Law by denying

the Plaintiff full and safe access to all of the benefits, accommodations and services of the

Premises.

46.      The Defendant's unlawful discriminatory conduct constitutes willful and wanton

violations of the Administrative Code for which Plaintiff is entitled to an award of punitive

damages. Admin. Code §8-502.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

47.      Plaintiff, on behalf of herself and the Class Members, repeats and realleges every

allegation of the preceding paragraphs as if fully set forth herein.

48.      The New York State Human Rights Law provides:

a. It shall be unlawful discriminatory practice for any person, being the owner, lessee,

proprietor, manager, agent, or employee of any place of public

accommodation…because of the…disability…of any person, directly, or

indirectly, to refuse, withhold from or deny to such person any of the

accommodations, advantages, facilities, or privileges thereof…to the effect that

any of the accommodations, advantages, facilities and privileges of any such

place shall be refused, withheld from or denied to any person on account

of…disability…

NYS Exec. Law §296 (2)(a).

49.    Defendant's Premises is a place of public accommodation as defined in the New

York State Human Right Law.

50.    The Defendant has further violated the New York State Human Rights Law by

being in violation of the rights provided under the ADA.

51.    Defendant is in violation of the New York State Human Rights law by denying the

Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

## PRAYER FOR RELIEF

52.    The Plaintiff and Class demand compensatory damages in an amount to be

determined by proof, including all applicable statutory damages and fines, for violations of their

civil rights under New York State Human Rights Law and City Claw, including compensatory

damages contemplated by §297(4)(c), plus punitive damages pursuant to the Administrative

Code of the City of New York.

53.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the

Plaintiffs' injunctive relief; including an order to alter the Premises to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the

New York City Human Rights Law, and the New York State Human Rights law, and closing the

Subject Facilities until the requisite modifications are completed.

54.    Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by

state and federal law;

**WHEREFORE**, the Plaintiff, for the Class, hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

    a. Certifying this action as a Class Action;

    b. Naming the Plaintiff as the representative Named Class Plaintiff on behalf of all absent Class members;

    c. Appointing The Marks Law Firm, PC as Class Counsel for all purposes in this action;

    d. Granting the Plaintiff and all Class members all injunctive, monetary and other relief available under applicable law, including but not limited to:

        i. The Court declares the Premises owned, operated, leased, controlled, and/or administered by the Defendant are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

        ii. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact;

        i. Cause Defendant to remain fully in compliance with the law;

        ii. The Court enter an order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow the Defendant to undertake and complete corrective procedures to the Premises;

        iii. The Court enter an order requiring the closure of each of the NYHRC Locations until such time as the location has been brought into full compliance with the ADA and ADAAG;

        iv. An award to each member of the Class equal to the maximum amount permitted by the NYSHRL and/or NYCHRL, including punitive damages.

e. Granting Class Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity.

f. The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
       May 9, 2019

THE MARKS LAW FIRM, PC

By: _____
BRADLY G. MARKS
175 Varick Street, 3rd Fl
New York, NY 10014
T:(646) 770-3775
F: (646) 770- 2639
brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRACIELA DONCOUSE, on behalf of herself, and all others similarly situated,

Plaintiff,

-against-

NEW YORK HEALTH & RACQUET CLUB FOUNDATION, INC. AND NEW YORK
HEALTH CLUB, INC.,

Defendants,

**CLASS ACTION
SUMMONS AND COMPLAINT**

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
175 Varick Street, 3rd FL
New York, NY 10014