USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GRACIELA DONCOUSE, on behalf of herself,
and all others similarly situated,

                              Plaintiff,


 -against-                                        Civil Action No.: 19-cv-4227


NEW YORK HEALTH & RACQUET CLUB
FOUNDATION, INC. and NEW YORK HEALTH
CLUB, INC.,

                              Defendants.
------------------------------------------------------------------------x

GREGORY H. WOODS, District Judge:

       WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party"), acknowledging and agreeing that discovery in this litigation may require the disclosure of documents and other materials that are proprietary, trade secrets, commercially sensitive, contain personal medical information, and/or are otherwise confidential in nature, request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

       WHEREAS, the Parties, through counsel, agree to the following terms; and

       WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential," "Highly Confidential," or "Attorney's Eyes Only," pursuant to this Order, no person subject to this Order may disclose such material (the "Confidential Discovery Material") to anyone else except as expressly permitted hereunder.

2. The Parties hereby agree that any Party subject to discovery in this Action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a Party or non-Party in the course of this Action ("Discovery Material") as "Confidential" or, as a subset of "Confidential," "Highly Confidential." The "Confidential" or "Highly Confidential" designation shall be made after review by an attorney for the producing Party of the Discovery Material by stamping the word "Confidential" or "Highly Confidential" on each page of a document whose contents are intended to be thusly protected. Any Party may obtain confidential treatment for Discovery Material without such designation if the Party seeking the designation sends written notice of such designation to all other Parties or non-Parties in the possession of such Discovery

Material, or within thirty (30) days of their production and marks the subject documents or other materials with the word "Confidential" or "Highly Confidential" and reproduces them. To the extent that it would be impractical to visibly mark disclosed materials as "Confidential" or "Highly Confidential" (*e.g.*, when producing materials in electronic form), Discovery Material may also be designated as "Confidential" or "Highly Confidential" in contemporaneous correspondence.

3. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) Defendants' trade secrets, previously non-disclosed business plans, product-development information, and/or marketing plans;

(e) personnel files of non-parties to this litigation;

(f) any information of a personal or intimate nature regarding any individual; or

(g) any other category of information given confidential status by this Court after the date of this Order.

4. The designation of "Highly Confidential" is understood by the Parties to be a subset of the "Confidential" designation. Thus, the Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Highly Confidential only the portion of such material that it reasonably and in good faith believes consists of includes information, documents or material that require the highest level of protection because of their peculiarly sensitive contents, disclosure of which would tend to cause material harm to the producing party's competitive position.

5. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential or highly confidential information redacted.

6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the

specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7. Discovery Material is not "confidential" or "Highly Confidential" if the information is: (a) publicly known at the time of disclosure or subsequently becomes publicly known through no fault of the receiving party; (b) discovered by the receiving party through legitimate means other than from the producing party or producing party's representatives or created by the receiving party before disclosure by producing party; (c) learned by the receiving party through legitimate means other than from the producing party or producing party's representatives; or (d) is disclosed by receiving party with producing party's prior written approval.

8. The Parties agree that, under certain limited circumstances, Discovery Material may be designated "Attorneys' Eyes Only." Should a receiving party wish to contest an "Attorneys' Eyes Only" designation, such party must request to the producing party to meet and confer upon receipt of Discovery Material designated as such, prior to challenging the designation in the manner set forth in Paragraph 17 below.

9. Notwithstanding any other provisions in this Order, nothing shall prevent a party from withholding production of or otherwise redacting in its entirety

a document considered privileged (including, but not limited to, attorney-client or attorney work product) or otherwise restricted from production, despite the existence of this Protective Order.

10. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential, Highly Confidential, or Attorney's Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material in accordance with such designation. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

11. If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and/or documents, and provide a certification of counsel that all such information has been returned or destroyed.

12. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection including the attorney-client privilege and/or the work product doctrine; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

13. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any partners, shareholders, of counsel, special counsel, associates, law students, paralegals, clerical, or other assistants that such outside counsel employs and assigns to this matter;

(c) any employee, former employee, agent or independent contractor of any Party who is requested by counsel to assist in the defense or prosecution of this Action, provided, however, that disclosure of the Confidential Information to said individual may be made only to the extent necessary for the employee, former employee, agent or independent contractor to provide such assistance, and provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any person a Party retains to serve as an expert witness or otherwise provides specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(j) this Court, including any appellate court, its support personnel, and court reporters.

14. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(e), 7(g), or 7(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

15. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

16. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve

that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

17. Any Party who objects to any designation of any document or portion of any document as Confidential, Highly Confidential, or Attorney's Eyes Only ("AEO") may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The Parties shall attempt to resolve any such dispute by meeting and conferring. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices. The disputed documents or other materials shall be treated as "Confidential" or "Highly Confidential" pending a ruling from the Court.

18. Any Party may consent to have any documents or other materials it previously designated as "Confidential," "Highly Confidential" or "Attorneys' Eyes Only" removed from the scope of this Order by so notifying counsel for the other Parties in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Order shall prevent any Party from disclosing its own Discovery Material whether designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" as it deems appropriate.

19. Recipients of Confidential Discovery Material under this Order, including the parties, their agents, counsel, and employees, may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order,

however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. A Party shall not disseminate any Discovery Material designated as "Confidential" or "Highly Confidential" except as necessary for use in this litigation and any appeals thereof, and subject to the further restrictions set forth below, unless the court determines the Discovery Material is not in fact "confidential" or "Highly Confidential." The Parties shall take reasonable and prudent measures to safeguard the confidentiality of all Discovery Material designated as "Confidential" or "Highly Confidential."

20. Notwithstanding the foregoing, nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

21. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential Discovery Material must either return it—

including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23. Notwithstanding anything herein, counsel for the parties shall be entitled to retain all court papers; depositions and trial transcripts; exhibits used in affidavits, at depositions, or at trial; and attorney work product.

24. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

25. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26. This Stipulation and Order may be modified or revoked only upon stipulation by and between the Parties so-ordered by the Court, or upon motion.

SO STIPULATED AND AGREED.

| | |
|---|---|
| THE MARKS LAW FIRM, P.C. | PADUANO & WEINTRAUB LLP |
| *[signature]* | *Meredith Cavallaro/ MKS* |
| Bradly G. Marks | Meredith Cavallaro |
| 175 Varick Street, 3rd Floor | 1251 Avenue of the Americas, 9th Floor |
| New York, New York 10014 | New York, New York, 10020 |
| (646) 770-3775 | Tel: 212.785.9100 |
| brad@markslawpc.com | Fax: 212.785.9099 |
| | mc@pwlawyers.com |
| Attorneys for Plaintiff | Attorneys for Defendants |

Dated: January 30, 2020
New York, New York

*[signature]*
GREGORY H. WOODS
United States District Judge

EXHIBIT A

**AGREEMENT CONCERNING MATERIAL
COVERED BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered in this Action on the ____ day of _____ 20__, understands the terms thereof, agrees to be bound by such terms and consents to the personal jurisdiction of the United States District Court for the Southern District of New York for the enforcement thereof. The undersigned hereby agrees to neither disclose nor discuss with any third party any Confidential or Highly Confidential Discovery Material, obtained in the above-captioned matter, except solely for the purpose of this action and then only at the express direction of counsel for the Plaintiff or counsel for the Defendant. The undersigned hereby agrees, to the extent he/she is provided copies of any Discovery Material, to return all such copies to counsel for the Plaintiff or counsel for the Defendants at the conclusion of the matter.

Date:_____

_____
Signature

_____
Print Name